1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IRMA CASILLAS DE MAGANA,

      Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No.  1:21-cv-01288-CDB (SS)

ORDER ON STIPULATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)

(Doc. 25)

Pending before the Court is the stipulated request of Plaintiff Irma Casillas De Magana ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] (Doc. 25).  Plaintiff requests an award of attorney's fees in the amount of $7,500 to counsel for Plaintiff, Jonathan O. Pena.  *Id.*

On February 29, 2024, the Court issued an order granting Plaintiff's motion for summary judgment and remanding this action for further proceedings under sentence four 42 U.S.C. § 405(g).  (Doc. 23).  The Court held the Administrative Law Judge failed to address the functional limitations identified by Dr. Vanderhyde and failed to sufficiently explain how Plaintiff's activities of daily living are in tension with Family Nurse Practitioner Shannon's proposed limitations.  *Id.*  That same day, judgment was entered in favor of Plaintiff against Defendant.

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 9).

1    (Doc. 24).

2    On May 21, 2024, Plaintiff filed the pending, stipulated motion for attorney fees pursuant

3    to EAJA requesting an award of $7,500.00.  (Doc. 25).  In the parties' stipulated request, Plaintiff

4    requests an award of attorney fees as the prevailing party.  *Id.*; *see Shalala v. Schaefer*, 509 U.S.

5    292, 300-02 (1993) (concluding that a party who prevails in a sentence-four remand order under

6    42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's request is timely.  *Van v. Barnhart*, 483 F.3d

7    600, 607 (9th Cir. 2007).

8    The EAJA provides for an award of attorney fees to private litigants who both prevail in

9    civil actions (other than tort) against the United States and timely file a petition for fees.  28

10   U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing

11   party unless it finds the government's position was "substantially justified or that special

12   circumstances make such an award unjust."  *Id*.  To be "substantially justified," the government's

13   litigation position and the underlying agency action must have a "reasonable basis both in law

14   and fact."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Ibrahim v. DHS*, 912 F.3d 1147,

15   1167 (9th Cir. 2019) (en banc).  A determination that an ALJ's decision "was unsupported by

16   substantial evidence is therefore a strong indication that the 'position of the United States'…was

17   not substantially justified."  *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).  Because

18   "substantial evidence" is a "deferential…standard of review" and refers to "such relevant

19   evidence as a reasonable person might accept as adequate to support a conclusion," a finding that

20   substantial evidence is lacking usually means "the government's underlying action was not

21   substantially justified."  *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013).  Here, the Court

22   determined the ALJ's decision was not supported by substantial evidence.  (Doc. 23 at 19-20, 23,

23   27).  Moreover, the Commissioner has stipulated to Plaintiff's request.  (Doc. 25).  Accordingly,

24   Plaintiff is eligible for EAJA fees.

25   Having determined that Plaintiff is eligible for EAJA fees, the Court must determine what

26   fee is reasonable.  *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990).  The Ninth Circuit maintains

27   a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in

28   the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir.

2005).  Even assuming Plaintiff's counsel seeks the published maximum hourly rate for 2022 ($234.95),[2] the requested award would amount to approximately 32 hours of attorney time (not accounting for any paralegal time expended).  The Court has reviewed the docket and finds this reasonable and commensurate with the number of hours an attorney reasonably would need to have spent reviewing the certified administrative record in this case (799 pages) and preparing a motion for summary judgment and reply addressing three legal issues.  (Docs. 10, 14, 21).  With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings.  (Docs. 23-24).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1.  Plaintiff's stipulated request for the award of attorney's fees pursuant to EAJA (Doc. 25) is GRANTED; and

2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $7,500.00.  Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O. Pena in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

IT IS SO ORDERED.

Dated:   **May 21, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 21, 2024).